UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

CHRISTINE WILLIAMS, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

RHINO GUARD LLC D/B/A/ LUXESTONE,

*Defendant*.

_____/

CLASS ACTION

Case No. CIV-23-1142-J

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Christine Williams ("Plaintiff"), brings this action against Defendant, Rhino Guard LLC d/b/a/ Luxestone ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Oklahoma's Telephone Solicitation Act of 2022 (the "OTSA"), Okla. Stat. tit. 15 § 775C.1, *et seq*.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and Oklahoma's Telephone Solicitation Act of 2022 (the "OTSA"), Okla. Stat. tit. 15 § 775C.1, *et seq*.

2. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Defendant "... is a newly launched online company servicing beneficial tech and gadget products."[1]

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA and OTSA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Western District of Oklahoma and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Western District of Oklahoma.

---

[1] https://luxestone.com/pages/our-story (last accessed November 20, 2023).

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Oklahoma County, Oklahoma.

8. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Okla. Stat. tit. 15 § 775C.2.1. in that Plaintiff was the regular user of cellular telephone number that received Defendant's commercial telephonic sales calls.

9. Defendant is a Delaware limited liability company, with headquarters in Kent County, Delaware.

10. Defendant directs, markets, and provides its business activities throughout the United States, including but not limited to the State of Oklahoma.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. During July of 2023, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's cellular telephone number ending in 3050 (the "3050 Number"), including but not limited to the follow examples below from July 9 and 10, 2023:



13. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

14. Plaintiff utilizes her cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line. In other words, Plaintiff's cellular telephone is Plaintiff's home telephone number and Plaintiff makes and receives personal calls on her cellular telephone. Moreover, Plaintiff's cellular telephone is the primary means of reaching Plaintiff at her residence.

15. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services – in this case, workout equipment.

16. The information contained in the text message advertises Defendant's various promotions, which Defendant sends to promote its business.

17. Defendant sent or caused to be sent subject texts from this judicial district and, therefore, Defendant's violation of the TCPA and the OTSA occurred within this district. Upon information and

belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

18. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

19. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

20. Plaintiff has no existing business relationship with Defendant.

21. Plaintiff is the subscriber and sole user of the 3050 Number and is financially responsible for phone service to the 3050 Number.

22. Plaintiff registered her 3050 Number with the national do-not-call registry on July 1, 2003, and has been registered at all times relevant to this action.

23. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

24. The text messages originated from telephone number 1-844-617-2347, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

25. The telephone number utilized by Defendant to send the messages, (866) 408-1987, is not capable of receiving telephone calls and does not connect the call recipient, upon calling such number, to Defendant.

26. Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

27. Defendant would be able to conduct its business operations without sending automated text messages to consumers.

28. Defendant would be able to send automated text messages to consumers, and in compliance with the OTSA, by securing the proper consent from consumers prior to sending text messages.

29. Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

30. Accordingly, it is not impossible for Defendant to comply with the OTSA in the context of transmitting text messages.

31. The burden and cost to Defendant of securing consent from consumers that complies with the OTSA is nominal.

32. Compliance with the OTSA will not result in Defendant having to cease its business operations.

33. Compliance with the OTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

34. Compliance with the OTSA will not force Defendant to seek regulatory approval from the State of Oklahoma before undertaking any type of commercial transaction.

35. The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

36. The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

37. The Platform also has an auto-reply function that results in the automatic transmission of text messages.

38. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

39. More specifically, Plaintiffs never signed any type of authorization permitting or allowing the placement of telephonic sales calls by text message using an automated system for the selection and dialing of telephone numbers.

40. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

41. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and wasted time. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones-

42. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

43. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. 23. The "Class" that Plaintiff seeks to represent is defined as:

44. Plaintiff brings this case on behalf of a Class defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as**

> **Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**
>
> **OTSA Autodialer Class** **All persons in Oklahoma who, (1) were sent one or more text messages regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) from November 1, 2022 through the date of class certification.**
>
> **OTSA Caller ID Class: All persons in Oklahoma who, (1) were sent one or more text messages regarding Defendant's property, goods, and/or services, (2) through telephone number (866) 408-1987, (3) from November 1, 2022 through the date of class certification.**

45. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

46. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

47. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

48. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

   b) Whether Defendant's conduct was knowing and willful;

    c) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

    d) Whether Defendant is liable for damages, and the amount of such damages; and

    e) Whether Defendant should be enjoined from such conduct in the future.

    f) Whether Defendant initiated commercial telephonic sales calls/texts to Plaintiff and the Class members;

    g) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

    h) Whether Defendant utilized an automated system for the dialing or selection of numbers to be called; and

    i) Whether Defendant is liable for damages, and the amount of such damages.

49. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate and if Plaintiff's claims that Defendant routinely transmits telephonic sales calls without prior express written consent is also accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

50. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

51. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

52. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is

economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

53. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

54. Moreover, the previously articulated common questions predominate over individual questions. Defendant used the same automated system to send materially identical telemarketing messages to all members of the putative Class. Whether the fact that Class members provided information into a generic data harvesting lead generator constitutes valid consent within the meaning of the OTSA is a question the answer to which is equally applicable to all members of the Class. As such, there are no material individual questions at all—but even if there were, they certainly do not predominate over the common questions.

## COUNT I
## Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

55. Plaintiff repeats and re-alleges paragraphs 1-54 of this Complaint and incorporates them by reference herein.

56. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has

registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

57. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

58. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

59. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

60. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

61. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

62. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**VIOLATION OF OKLA. STAT. TIT. 15 § 775C.3**
**(On Behalf of Plaintiff and the OTSA Autodialer Class)**

63. Plaintiff repeats and re-alleges paragraphs 1-54 of this Complaint and incorporates them by reference herein.

64. It is a violation of the OTSA to "make or knowingly allow a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Okla. Stat. tit. 15 § 775C.3.A.

65. "Prior express written consent" means an agreement in writing that:

1. Bears the signature of the called party;

2. clearly authorizes the person making or allowing the placement of a commercial telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

    i. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      ii. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Okla. Stat. tit. 15 § 775C.2.3.

66. Defendant failed to secure prior express written consent within the meaning of the OTSA from Plaintiff and the Class members.

67. In violation of the OTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without their prior express written consent.

68. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

69. As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

70. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## COUNT III
## **VIOLATION OF OKLA. STAT. TIT. 15 § 775C.3**
**(On Behalf of Plaintiff and the OTSA Caller ID Class)**

71. Plaintiff repeats and re-alleges paragraphs 1-54 of this Complaint and incorporates them by reference herein.

72. The OTSA provides in pertinent part: "If a telephone number is made available through a caller identification service as a result of a commercial telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a commercial telephonic sales call was placed." Okla. Stat. tit. 15 § 775C.3.B.

73. In violation of the OTSA, Defendant sent text messages to Plaintiff and the Class members utilizing a long-code telephone number(s) that does not accept incoming calls and does not connect call recipients with Defendant.

74. Accordingly, Defendant's text messages to Plaintiff and the Class members violated section 775C.3.B of the OTSA.

75. As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

76. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An award of statutory damages for Plaintiff and each member of the Class as applicable under the OTSA;

e) An order declaring that Defendant's actions, as set out above, violate the OTSA;

f) An injunction requiring Defendant to cease all telephonic sales calls made without valid consent under the OTSA, and to otherwise protect the interests of the Class;

g) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

h) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: December 14, 2023

Respectfully submitted,

**SHAMIS & GENTILE P.A.**
/s/ Andrew Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Tel: (305) 479-2299

*Counsel for Plaintiff*

**CAIN LAW OFFICE**

Monty L. Cain, #15891
Rilee D. Harrison, #33742
CAIN LAW OFFICE
10415 Greenbriar Place
Oklahoma City, Oklahoma 73159
(405) 759-7400 Telephone
(405) 759-7424 Facsimile
monty@cainlaw-okc.com
Rilee@cainlaw-okc.com
Attorneys for Plaintiffs

*Counsel for Plaintiff*